**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CHARLES CLAYTON AND
RAMONA CLAYTON**     **PLAINTIFFS**

**VS.**     **CIVIL ACTION NO.** 3:21-cv-183-HTW-LGI

**WAL-MART REAL ESTATE BUSINESS TRUST, AND
DOES ONE THROUGH FIVE**     **DEFENDANTS**

## NOTICE OF REMOVAL

**COME NOW**, Wal-Mart Real Estate Business Trust, an improper party, and proper party Wal-Mart Stores East, LP ("Wal-Mart"), by and through counsel and without waiving any objections to venue or other defenses; including, but not limited to, those available under Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure; and file this Notice of Removal of this case from the Circuit Court of Lauderdale County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, and, in support hereof, would show unto this Court the following:

**I.  COMPLAINT**

1. This is a premises-liability case. On December 8, 2020, Charles Clayton and Ramona Clayton ("Plaintiffs") filed their Complaint in this matter, hereto attached as Exhibit A, in the Circuit Court of Lauderdale County, Mississippi, this being Civil Action Number 20CV149(BB).

2. In her Complaint, Plaintiff seeks an unspecified amount of damages. *Id*. at 3.

3. However, Plaintiffs have now, by way of their responses to Wal-Mart's requests for admission, established that the amount in controversy exceeds $75,000,

exclusive of interest and costs.  *See* Exhibit B, Plaintiffs' Responses to Requests for Admission.  Therefore, as discussed in more detail below, because (a) complete diversity of citizenship exists, and (b) the amount in controversy exceeds $75,000, this Court has jurisdiction over this case.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

### *A. This Case is Removable under 28 U.S.C. §§ 1441(a) and 1332(a)*

4. 28 U.S.C. § 1441(a) provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.

5. The United States District Court for the Southern District of Mississippi, Northern Division is the district and division embracing the location of the state court where this suit is currently pending.

6. Additionally, 28 U.S.C. § 1332(a), as amended, provides in relevant part:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between . . . citizens of different States.

7. As briefly mentioned above and discussed below, complete diversity of citizenship exists in this matter, and Plaintiffs have established that the amount in controversy exceeds the sum or value or $75,000, exclusive of interest and costs. Therefore, this Court has original diversity jurisdiction over this case.

### *B. This Removal is Timely under 28 U.S.C. § 1446(b)*

8. Under 28 U.S.C. § 1446(b) (emphasis added), a notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a

copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable."

9. Wal-Mart was served with Plaintiffs' responses to its requests for admission on February 11, 2021. Ex. C, Notice of Service. Said responses constitute the "other paper" from which Wal-Mart first ascertained that the amount in controversy has been met and that this case is removable based upon diversity jurisdiction. *See Reed v. Flores*, No. CIV.A. 1:09CV84SA-JA, 2009 WL 3766693, at *2 (N.D. Miss. Nov, 2009) (finding that removal was timely where the plaintiff's responses to the defendant's requests for admissions constituted the "'other paper' from which [the defendants] could first ascertain that [the p]laintiff sought over $75,000 in damages").

10. Since Wal-Mart is removing this case within thirty days of February 11, 2021, this removal is timely.

### C. Required Documents are Attached and Notice to the Clerk Has Been Given

11. Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served on Wal-Mart are attached hereto as Exhibit D. Pursuant to Rule 5(b) of the Local Uniform Civil Rules, a true and correct copy of the entire state court file will be timely filed within fourteen (14) days of the date of removal.

12. Additionally, in accordance with 28 U.S.C. §1446(d), Wal-Mart will file a copy of this Notice with the Clerk of the Circuit Court of Lauderdale County, Mississippi, contemporaneous with the filing of the same with this Court.

### III. DIVERSITY JURISDICTION

13. As stated, this Court has original diversity jurisdiction over this case pursuant

to §1332(a) because Plaintiffs and Wal-Mart are citizens of different states, and Plaintiffs' responses to Wal-Mart's requests for admission establish that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.     Diversity of Citizenship Exists

14.     According to the Complaint, Plaintiffs is an adult resident citizens of Mississippi. Ex. A, at 1.

15.     Wal-Mart Real Estate Business Trust is a Delaware statutory trust with its principal place of business in the State of Arkansas. Wal-Mart Stores East, LP is and was a Delaware limited partnership with its principal place of business in Arkansas. WSE Management, LLC is the sole general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the sole limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are and were Delaware limited-liability companies, with their principal places of business in Arkansas. Wal-Mart Stores East, LLC is the sole member of both WSE Management, LLC and WSE Investment, LLC. Wal-Mart Stores East, LLC is and was an Arkansas limited-liability company, with its principal place of business in Arkansas. Walmart Inc. (f/k/a Wal-Mart Stores, Inc.) is the sole member of Wal-Mart Stores East, LLC. Walmart Inc. is and was a Delaware corporation, with its principal place of business in Arkansas.

16.     Further, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . ., the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). Therefore, "John Doe defendants cannot be considered for purposes of removal." *Smith v. Canadian Nat./Illinois Cent. R.R.*, No. 02;06CV212-P-A, 2007 WL 986876, at *1 (N.D. Miss. Mar. 29, 2007). Consequently,

complete diversity of citizenship exists.

### B.    Amount in Controversy Has Been Met

17.    Plaintiffs' responses to requests for admission (Exhibit B) establish that the amount in controversy exceeds $75,000, exclusive of interest and costs:

1. Admit that Plaintiff Charles Clayton's claims for damages do not exceed Seventy-Five Thousand Dollars and 00/100 Cents ($75,0000, exclusive of costs and interests.
**ANSWER**: **Denied**.

2. Admit that Plaintiff Ramona Clayton's claims for damages do not exceed Seventy-Five Thousand Dollars and 00/100 Cents ($75,0000, exclusive of costs and interests.
**ANSWER**: **Denied**.

3. Admit that the claims for damages of both Plaintiffs, when combined, do not exceed Seventy-Five Thousand Dollars and 00/100 Cents ($75,0000, exclusive of costs and interests.
**ANSWER**: **Denied**.

4. Admit that the actual value of Plaintiff Charles Clayton's claim against Defendants does not exceed Seventy-Five Thousand Dollars and 00/100 Cents ($75,000)
**ANSWER**: **Denied**.

5. Admit that the actual value of Plaintiff Ramona Clayton's claim against Defendants does not exceed Seventy-Five Thousand Dollars and 00/100 Cents ($75,000)
**ANSWER**: **Denied**.

6. Admit that the actual value of both Plaintiffs claims, when combined, does not exceed Seventy-Five Thousand Dollars and 00/100 Cents ($75,000)
**ANSWER**: **Denied**.

7. Admit that Plaintiff Charles Clayton will not ask the trier of fact, in any form whatsoever, to award a verdict, including damages of every kind and nature, including attorney's fees, that exceeds Seventy-Five Thousand Dollars and 00/100 Cents ($75,0000, exclusive of costs and interests.
**ANSWER**: **Denied**.

8. Admit that Plaintiff Ramona Clayton will not ask the trier of fact, in any form whatsoever, to award a verdict, including damages of every kind and nature, including attorney's fees, that exceeds Seventy-Five Thousand Dollars and 00/100 Cents ($75,0000, exclusive of costs and interests.
**ANSWER**: **Denied**.

9. Admit that Plaintiffs will not ask the trier of fact, in any form whatsoever, to award a combined verdict, including damages of every kind and nature, including attorney's fees, that exceeds Seventy-Five Thousand Dollars and 00/100 Cents ($75,0000, exclusive of costs and interests.
**ANSWER**: **Denied**.

10. Admit that if a trier of fact renders a verdict in favor of Plaintiff Charles Clayton, including damages of every kind and nature, including attorney's fees, that Plaintiff Charles Clayton will not accept or execute on any judgment that exceeds Seventy-Five Thousand Dollar and 00/100 Cents ($75,000.00), exclusive of costs and interests.
**ANSWER**: **Denied**.

11. Admit that if a trier of fact renders a verdict in favor of Plaintiff Ramona Clayton, including damages of every kind and nature, including attorney's fees, that Plaintiff Charles Clayton will not accept or execute on any judgment that exceeds Seventy-Five Thousand Dollar and 00/100 Cents ($75,000.00), exclusive of costs and interests.
**ANSWER**: **Denied**.

12. Admit that if a trier of fact renders a combined verdict in favor of both Plaintiffs, including damages of every kind and nature, including attorney's fees, that Plaintiffs will not accept or execute on any judgment that exceeds Seventy-Five Thousand Dollar and 00/100 Cents ($75,000.00), exclusive of costs and interests.
**ANSWER**: **Denied**.

13. Admit that the total actual amount in controversy in this case does not exceed Seventy-Five Thousand Dollars and 00/100 Cents ($75,000.00), exclusive of costs and interests.
**ANSWER**: **Denied**.

14. Admit that Plaintiffs will never, either individually or combined, seek to amend the Complaint to seek an amount above $75,000.00.
**ANSWER**: **Denied**.

Ex. B, at 1-4 (emphasis added).

18. As seen above, in their responses, Plaintiffs refused to admit that they would not accept a sum greater than $75,000 for any damages; that they would not seek to

amend their Complaint to seek a sum greater than $75,000 for any damages; or that they would not seek a jury verdict in a sum greater than $75,000. Therefore, the amount-in-controversy component of diversity jurisdiction has been met in this case, and removal is proper. *Reed*, CIV.A. 1:09CV84SA-JA, 2009 WL 3766693, at *1-2 (finding that removal was proper where the plaintiff had denied a request for admission that asked her to "admit that [she would] not seek damages nor [would she] execute on any judgment rendered in [her] favor against the defendants in excess of $75,000, exclusive of interest and costs"); *Holmes v. Citifinancial Mortgage Co.*, 436 F. Supp. 2d 829, 831-32 (N.D. Miss. 2006) (holding that where Plaintiff claimed $74,500 for all damages alleged in his Complaint but did not submit an affidavit and binding stipulation agreement to that effect and objected and/or refused to answer requests for admissions that stated to a legal certainty that he would not seek or accept damages in excess of $75,000, the defendant had met its burden of proving the amount in controversy by a preponderance of the evidence); *Fields v. Household Bank (SB), N.A.,* 280 F. Supp. 2d 530, 531-32 (N.D. Miss. 2003) (finding that a defendant proves by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount where the defendant requests that the plaintiff admit, through a request for admission, that she will not seek more than the jurisdictional limit, and the plaintiff denies the request); *Fields v. Beneficial Nat'l Bank USA*, No. 1:00CV64-S-A, 2000 WL 33907905, at *1 (N.D. Miss. June 7, 2000) (finding that the amount-in-controversy component of diversity jurisdiction had been met where the plaintiff had failed to agree not to seek damages in excess of $75,000).

19. Wal-Mart reserves its right to amend or supplement this Notice of Removal.

20. Wal-Mart also reserves all affirmative defenses, including, but not limited to,

Rule 8(c) and 12(b) defenses.

**WHEREFORE, PREMISES CONSIDERED**, Wal-Mart respectfully requests that this Court proceed with the handling of this case as if it had been originally filed herein and that further proceedings in the Circuit Court of Lauderdale County, Mississippi, be hereby stayed.

Respectfully submitted this the 9th day of March, 2021.

**WAL-MART REAL ESTATE BUSINESS TRUST AND WAL-MART STORES EAST, LP**

By: /s/ Rajita Iyer Moss
Thomas M. Louis (MSB No. 8484)
Rajita Iyer Moss (MSB No. 10518)

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
POST OFFICE BOX 131
JACKSON, MISSISSIPPI  39205-0131
TELEPHONE:   (601) 605-6900
FACSIMILE:    (601) 605-6901
tlouis@wellsmarble.com
rmoss@wellsmarble.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was filed using the Court's ECF system, which should have automatically emailed a copy to:

Ronnie L. Walton, Esq.
Glover, Young, Hammack, Walton & Simmons, PLLC
1724A 23rd Avenue (39301)
Post Office Box 5514
Meridian, MS 39302-5514
ronnie@gloveryoung.com

This the 9th day of March, 2021.

_____
Rajita Iyer Moss